**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**CHRISTOPHER BATTLE,**          :
                                 :
                **Plaintiff,**   :
                                 :        **NO. 7:20-CV-106-WLS-TQL**
          **VS.**               :
                                 :
**SHAWN EMMONS,** *et al.,*      :
                                 :        **PROCEEDINGS UNDER 42 U.S.C. § 1983**
            **Defendants.**      :        **BEFORE THE U.S. MAGISTRATE JUDGE**
_____  :

## ORDER AND RECOMMENDATION

Plaintiff Christopher Battle, a prisoner now at Washington State Prison in
Davisboro, Georgia, filed a 42 U.S.C. § 1983 action.   ECF No. 1.   The Court ordered
Plaintiff to recast his complaint using the required 42 U.S.C. § 1983 form (ECF No. 5)
and his recast complaint was submitted (ECF No. 6).   Plaintiff moved to proceed *in
forma pauperis.*   ECF No. 2.   The Court granted Plaintiff's motion but ordered that he
pay an initial partial filing fee of $55.50.   ECF No. 5.   Plaintiff has paid the initial
partial filing fee and has also filed a Motion to Appoint Counsel.   ECF No. 11.
Plaintiff's Motion to Appoint an Attorney is **DENIED.**[1]

---

1 There is no constitutional right to appointment of counsel in a civil action.   *See Bass v.
Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).   Instead, appointment of counsel in such a
case is a privilege that is justified only by exceptional circumstances.   *Lopez v. Reyes*, 692
F.2d 15, 17 (5th Cir. 1982).   In deciding whether legal counsel should be provided, the
court considers, among other factors, the merits of the plaintiff's claims and the complexity
of the issues presented.   *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).   At this stage
in the proceedings, Plaintiff has not shown any exceptional circumstances to warrant
appointment of counsel.

This case is now ready for preliminary review.   For the following reasons, the undersigned finds that Plaintiff's Eighth Amendment claims against Defendants Emmons, Shropshire, Pineiro, and Smith should proceed for further factual development.

## PRELIMINARY SCREENING

### I.     Standard of Review

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.   *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).   *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   *Id.* (internal quotation marks omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).   The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."   *Id.* (internal quotation marks omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.    Factual Allegations and Plaintiff's Claims

Plaintiff was formerly incarcerated at Valdosta State Prison ("VSP") in Valdosta, Georgia. ECF No. 6 at 5. Plaintiff states that VSP is a violent prison with rampant illegal drugs, and inmates that are constantly assaulted and killed by gang members. ECF No. 6-1 at 2. Plaintiff avers he is serving time for a non-violent offense and he is not a gang member so he does not understand why he was sent to a prison for violent and mentally ill

3

offenders.   *Id*.   He also complains the prison is short-staffed daily and prisoners are not properly supervised nor punished for contraband.   ECF No. 6 at 5.

On November 20, 2019, Plaintiff states he was attacked by a known gang member inmate Charles Griffin with boiling water.   ECF 6-1 at 2.   Plaintiff claims that inmate Griffin used a contraband device known as a "hot water bug" to boil the water.   *Id*. at 3. Plaintiff says he was severely burned to the point of missing skin on his shoulder, arm, and face.   *Id*.   Plaintiff was eventually transported by ambulance to the Cobb Wellstar Burn Unit Hospital in Cobb County where he received skin grafts due to his burns.   *Id*. at 5.

Plaintiff alleges that two weeks prior to the attack, Griffin was found with other contraband including cell phones and a knife.   *Id*.   Plaintiff believes that there was no disciplinary action taken against Griffin for this contraband.   *Id*.   Plaintiff contends that Unit Supervisor Leeanna Smith was responsible for removing Griffin from the dorm after the contraband seizure, but she did not do so because she utilizes Griffin as an "inmate enforcer".   ECF No. 6 at 5.   Plaintiff also feels that Smith labeled him as a "snitch" to inmate Griffin.   *Id*.

Also, sometime prior to the attack, Plaintiff contends that Shropshire made an announcement in Plaintiff's dorm that he knew the inmates had contraband and that he was going to do a "shakedown".   ECF 6-1 at 2-3.   Plaintiff states that the shakedown did not happen.   *Id*.

Plaintiff argues that each Defendant is aware of pervasive prison violence at VSP and that they were deliberately indifferent to Plaintiff's safety by failing to protect him

from an inmate assault in violation of the Eighth Amendment.   ECF No. 6 at 5.   As a result, Plaintiff seeks compensatory and punitive damages.   *Id.* at 6.

Plaintiff's claims regarding violence in the prison potentially implicate a claim for deliberate indifference to safety.   Here, Plaintiff appears to be relying on a theory that violence in the prison is so pervasive that he and others were constantly at risk of harm and that the defendants are deliberately indifferent to that risk.   *See* ECF No 6 at 5 and ECF 6-1 at 7.   To state an Eighth Amendment claim for exposure to unsafe conditions, a prisoner must allege facts to show the existence of a prison condition that is extreme and poses an unreasonable risk to the prisoner's health or safety and that the defendant was deliberately indifferent to that condition.   *See Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004).   In this regard, the United States Supreme Court has recognized that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quoting *Cortes-Quinones v. Jiminez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)).   To that end, "occasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment, [but] confinement in a prison where violence and terror reign is actionable." *Purcell ex rel. Estate of Morgan v. Toombs Cty.*, 400 F.3d 1313, 1320 (11th Cir. 2005) (quoting *Woodhous v. Virginia*, 487 F.2d 889, 890 (4th Cir. 1973)).   To establish deliberate indifference based on a generalized risk of harm, a plaintiff must allege facts showing "that serious inmate-on-inmate violence was the norm or something close to it."   *Id.* at 1322.

Plaintiff's allegations on this point are largely generalized and conclusory

5

contentions that inmate-on-inmate violence is nearly constant in VSP.   In support of these general contentions, however, Plaintiff refers to his personal situation of being burned by an inmate.   Although these allegations are somewhat minimal, at this stage of the proceeding, the Court must accept them as true and construe them in Plaintiff's favor. Applying this standard, it appears possible that Plaintiff's allegations could support his more general claim that violence in VSP is so pervasive as to constitute the norm.

Moreover, construing Plaintiff's allegations in his favor, the complaint suggests that Warden Emmons, Deputy Warden Shropshire, Deputy Warden Pineiro, and Unit Manager Smith have observed violence as pervasive as Plaintiff claims the violence is in VSP.   ECF 6-1 at 7.   Additionally, Plaintiff alleges facts showing that Shropshire announced to the dorm that he knew inmates had contraband.   *Id*. at 2-3. Thus, Plaintiff will be allowed to proceed for further factual development against these defendants on his claim for deliberate indifference to safety based on pervasive violence in VSP.

Plaintiff's claims that Defendants failed to protect him from being attacked at VSP are generally cognizable under the Eighth Amendment to the United States Constitution. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   A prisoner asserting an Eighth Amendment failure-to-protect claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation.   *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013).   To establish deliberate indifference in this context, a prisoner must show that prison officials subjectively knew of the substantial risk of serious harm and that the prison officials knowingly or recklessly disregarded that

risk.  *Id.* at 1332.  Plaintiff has alleged facts suggesting that prior to his assault, inmate Griffin was found with a weapon and was not segregated from the rest of the dorm by the Defendants.  These allegations are sufficient to permit Plaintiff's Eighth Amendment failure-to-protect claims to proceed against each named Defendant.

To the extent Plaintiff is attempting to sue these Defendants in their supervisory capacities, an examination of Plaintiff's claims in regards to vicarious liability must be completed.  Indeed, "[b]ecause vicarious liability is inapplicable to ...§ 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). In his complaint, Plaintiff alleges no specific actions of Defendant Warden Emmons or Defendant Deputy Warden Pieiro to support his claims for deliberate indifference to safety.

However, a supervisor who did not personally participate in the allegedly unconstitutional conduct can be held liable under § 1983 if there is some other causal connection between his actions and the alleged constitutional violation.  *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam).  This causal connection can be established if the plaintiff shows

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.*   Plaintiff has alleged that VSP is an extremely violent prison with inmates constantly being assaulted and killed by other gang-affiliated inmates.   *See* ECF 6-1 at 2.   At this early stage of the litigation, these facts at least suggest the existence of a history of widespread abuse.   Construing Plaintiff's allegations liberally, as the Court must at this stage, Plaintiff's Eighth Amendment claims should proceed against Defendants even to the extent Plaintiff sues them in their supervisory capacities.

Lastly, Plaintiff elaborates extensively about insufficiencies in the medical response to his burns by Defendant Shropshire, VSP officers, and the Metro Reentry Infirmary. *See* ECF No. 6-1 at 3-6.   However, Shropshire, is the only such person named as a defendant in this complaint.   To any extent that Plaintiff may be attempting to assert a claim of deliberate indifference to a serious medical need, that claim must fail.   *See Valderrama v. Rousseau,* 780 F.3d 1108, 1116 (11th Cir. 2015) (to state a claim for inadequate medical care, a plaintiff must allege facts to show that his medical need was objectively serious; that the defendant was aware of a serious risk of harm if medical treatment was not immediately provided; and that the defendant disregarded the risk of serious harm through conduct that was more than mere negligence); *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (a plaintiff must allege facts to show that defendants were subjectively aware of "a risk of serious harm" to Plaintiff and disregarded that risk "by conduct that is more than mere negligence."). Plaintiff does not allege such facts as to Defendant Shropshire. Thus, it is **RECOMMENDED** that any medical deliberate indifference claim be dismissed without prejudice.

### III.    Conclusion

Based on the foregoing, the undersigned concludes that Plaintiff has alleged facts sufficient to raise a colorable Eighth Amendment claim based on pervasive prison violence, and a failure to protect claim against all named Defendants.   Those claims shall therefore proceed for further factual development.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

### ORDER FOR SERVICE

Having found that Plaintiff's claim against Defendants Emmons, Shropshire, Pineiro, and Smith require further factual development, it is accordingly **ORDERED** that service be made on these Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are similarly advised that it is expected to diligently defend all allegations made against it and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence

filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is

contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED,** this 5th day of February, 2021.

s/***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE