IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CHRISTOPHER BATTLE,                    :
                                       :
        Plaintiff,                     :
                                       :
v.                                     :        CASE NO.:  7:20-cv-106 (WLS)
                                       :
SHAWN EMMONS, *et al.*,                :
                                       :
        Defendant.                     :
_____       :

## ORDER

Before the Court is the Order and Recommendation (Doc. 52.) ("Recommendation") from United States Magistrate Judge Thomas Q. Langstaff, filed July 18, 2022.  Therein, Judge Langstaff recommends granting the Motion for Summary Judgment of Defendants Emmons, Shropshire, Pineiro and Smith (Doc. 29) ("Motion").  Judge Langstaff's Recommendation provided the parties with fourteen days to file an objection.  (Doc. 52 at 10.)  By Order entered August 4, 2022, Plaintiff was given an extension until August 18, 2022, in which to file his objections.  (Doc. 54.)  Under the "mailbox rule," allowing an extra three days for mailed filings, the deadline for Plaintiff to file an Objection was August 21, 2022.  *See* Fed. R. Civ. Pro. 6(d); M.D. Ga. L.R. 6.3.  On August 25, 2022, Plaintiff Christopher Battle filed an Objection to Order of Recommendation (Doc. 55) ("Objection").

Although not received by the Court until August 25, 2022, Plaintiff's Objection is dated August 16, 2022, and the envelope attached to the Objection reflects that it was mailed August 17, 2022.  (Doc. 55-2.)  At the time this case was filed, Plaintiff was an inmate at Valdosta State Prison ("VSP").  He was released from VSP on February 19, 2021.[1]  Under the prisoner mailbox rule, which is that a prisoner's pleading is considered filed on the date the prisoner signs it and delivers it to prison authorities for filing, Plaintiff's Objection would have

_____

[1] *See* Doc. 12 (letter from Plaintiff to Court notifying Court of pending release and change of address), Doc. 16 (noting Georgia Department of Corrections website (http://www.dcor.state.ga.us/GDC/Offender/Query reveals Plaintiff was released from VSP on February 19, 2021.)

been timely filed had he still been in the prison system. *See, e.g.*, *Day v. Hall*, 528 F.3d 1315, 1318 (11th Cir. 2008). Given the circumstances of this case, although Plaintiff's Objection was filed August 25, 2022, and is therefore not timely filed, the Court considered the Objection in reviewing the Recommendation. Plaintiff is noticed, however, that his future filings while not a prisoner must be timely under the respective rules. The prisoner mailbox rule will not apply.

For the following reasons, Plaintiff's Objection is **OVERRULED**, Judge Langstaff's Recommendation (Doc. 52) is **ACCEPTED** and **ADOPTED**, and Defendants' Motion for Summary Judgement is **GRANTED**.

## I.   STANDARD OF REVIEW

A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which an objection is made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. If no timely objection is filed, the court considers the recommendation for clear error. "Most circuits agree that '[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).

## II.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed this action on June 4, 2020, as a result of injuries he sustained while an inmate at VSP. (Doc. 1.) He was ordered to, and on August 11, 2020, he filed a recast Complaint against Defendants Shawn Emmons, Warden of VSP, Ralph Shropshire, Deputy Warden of Security at VSP, Aron Pineiro, Deputy Warden of Care and Treatment at VSP, and Lee Anna Smith, Unit Manager at VSP. (Doc. 6.). His Eighth Amendment pervasive violence and failure to protect claims against all four Defendants were allowed to proceed. (Doc. 32).

In his Complaint, Plaintiff alleges that on November 20, 2019, while he was confined at VSP, he was attacked by a known gang member with boiling water. (*Id.* at 5.) Plaintiff maintains that inmate Charles Griffin used a "hot water bug" to boil water, which he threw at Plaintiff, causing severe burns that required skin grafts. *Id.* Plaintiff also alleges that there was

pervasive violence in the prison prior to the attack, that inmate Griffin had been found with other contraband two weeks prior to the attack but not disciplined, and that each Defendant was aware of the pervasive violence in the prison. *Id.* at 5-6.

### III.   APPLICABLE LAW

#### A.   Summary Judgment Standard

Under Fed. R. Civ. P. 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "'A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.'" *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of showing, by citing to the record, that there is no genuine issue of material fact. *See Celotex*, 477 U.S. at 323; *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009). The movant can meet that burden by presenting evidence showing there is no dispute of material fact, or by demonstrating that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *See Matsushita*, 475 U.S. at 587-88; *Allen*, 121 F.3d at 646. However, the Court must grant summary judgment if there is no

genuine issue of material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

**B.**   **42 U.S.C. § 1983**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend VIII; *McBride v. Rivers*, 170 Fed. App'x 648, 654 (11th Cir. 2006); *see also Robinson v. California*, 370 U.S. 660, 675 (1962) (holding that the Eighth Amendment's ban on cruel and unusual punishments is made applicable to the states by virtue of the Fourteenth Amendment's Due Process Clause).  Pursuant to the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotation marks and alterations omitted); *see also id.* ("[H]aving stripped [prisoners] of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course."); *Jordan v. Doe*, 38 F.3d 1559, 1564 (11th Cir. 1994) ("[W]hile the Constitution does not require prisons to be comfortable, it also does not permit them to be inhumane, and it is now settled that the … conditions under which [a prisoner] is confined are subject to scrutiny under the Eighth Amendment.").

"[N]ot … every injury suffered by one prisoner at the hands of another … translates into a constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834.  The law recognizes that "[i]n the jail setting, a risk of harm to some degree always exists by the nature of its being a jail." *Purcell ex rel. Est. of Morgan v. Toombs Cnty.*, 400 F.3d 1313, 1323 (11th Cir. 2005) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991)).  Rather, an Eighth Amendment violation occurs "*when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk.*" *Staley v. Owens*, 367 Fed. App'x 102, 107 (11th Cir. 2010) (emphasis added) (quoting *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1028 (11th Cir. 2001)).  Put another way, "to prove a claim of deliberate indifference in violation of the Eighth Amendment, the plaintiff must show that: (1) there was substantial risk of serious harm (the objective component); (2) the defendants acted with deliberate indifference to that risk (the subjective component); and (3) the defendants' wrongful conduct caused the injury." *Staley*, 367 Fed. App'x at 107 (citing *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003)).

## IV.   <u>DISCUSSION</u>

To properly object to the Recommendation, Plaintiff is required to provide "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort*, 208 Fed. App'x at 783 (internal quotation marks omitted) (citation omitted). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Id.* at 784. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Shuler v. Okeechobee CI Warden*, 815 F. App'x 457, 458 (11th Cir. 2020) (internal quotations omitted) (citation omitted).

Plaintiff's objection is merely a general objection to the Recommendation. Even construing Plaintiff's objection liberally, the only objection the Court can deduce is that Plaintiff disagrees with the result Judge Langstaff reached in his Recommendation. Apparently, attempting to salvage his allegation that there is/was pervasive violence at VSP, Plaintiff states that "[f]rom July 1, 2018, through July 1, 2020, there were over 1000 Major incidents that were recorded at Valdosta State Prison.  Examples of these would include death, suicide, serious injuries, accidents, allegations of sexual assault, disturbances, escapes, riots, hostage taking, use of force, chemical agents to control offenders." (Doc. 55 at 1.)  Plaintiff bases this statement on an email addressed to him dated December 1, 2021, from assistant general counsel with the Georgia Department of Corrections.  (Doc. 15-1 at 1.)  Plaintiff did not provide this document to Judge Langstaff even though Plaintiff was given an extension of time to file an additional response to Defendants' Motion through July 5, 2022. (Doc. 51.) The time for Plaintiff to support his opposition to the Motion has expired.  In any event, the email does not identify the type of incidents that are considered "major," and Plaintiff did not provide evidence to support his contention that "major" incidents would include the list of examples he provided.  Nor did he provide any expert analysis that the number of incidents constitute "pervasive violence" in comparison with other prisons.

Plaintiff speculates that the prison officials do not report all incidents of violence at VSP, that the video of his incident has disappeared, and that "this is a big cover up." (Doc. 55 at 7.)  Plaintiff concludes that "this civil case should really be a criminal case as to the ways that these defendants allow what goes on behind the walls." (Doc. 55 at 7.)  However, Plaintiff

acknowledges that he did not advise Defendants Emmons, Shropshire, or Pineiro of his concerns for his own safety.  He relies on his allegations of "pervasive violence" within the prison to establish that they should have known of the security risk.  Yet, prior to the day of the incident, Plaintiff had not had any problems with Charles Griffin.  Defendant Smith states in her affidavit (Doc. 29-10 at 3) that she was not aware of any particular security threat Griffin posed as to Plaintiff.

This Court agrees with Judge Langstaff that Plaintiff failed to establish that any of the Defendants had a subjective knowledge of any danger to Plaintiff from inmate Griffin.  Nor did Plaintiff present evidence that any of the Defendants should have been aware of any danger specific to him or danger to him from inmate Griffin, that they disregarded the danger, or that their conduct exceeded gross negligence.  (Doc. 52 at 7.)

## V.   FINDINGS AND CONCLUSION

Upon full review and consideration of the record, the Court finds that Judge Langstaff's' Order and Recommendation (Doc. 52) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reasons stated, findings made, and conclusions reached therein, together with the reasons stated, findings made, and conclusions reached herein.  Accordingly, the Motion for Summary Judgment of Defendants Emmons, Shropshire, Pineiro and Smith (Doc. 29) is **GRANTED.**  It is hereby **ORDERED AND ADJUDGED** that Plaintiff Christopher Battle shall take nothing by his Complaint (Doc. 6) and judgment shall enter in the Defendants' favor.

**SO ORDERED**, this 30th day of September 2022.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT**

6